United States District Court
Southern District of Texas
**ENTERED**
July 12, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES EDWARD GUZMAN, § <br> TDCJ #01023457, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice - § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-18-2251 |

## MEMORANDUM AND ORDER

The petitioner, James Edward Guzman (TDCJ #01023457), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Guzman has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the calculation of his sentence and an adverse parole decision. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.     BACKGROUND**

Guzman is presently incarcerated in TDCJ as the result of convictions entered against him in December 2000, for possession with intent to deliver cocaine in Harris County Cause No. 849860, assault on a public servant in Harris County Cause No. 849860, and possession of marijuana in Harris County Cause No. 854506.[1] Guzman has also received prison sentences as the result of other convictions entered against him after his release on parole, including a conviction in 2009 for possession of cocaine in Harris County Cause No. 1224072 and another conviction in 2011 for assault on a family or household member in Harris County Cause No. 1284084.[2]

Guzman does not challenge any of his underlying convictions here.  Instead, he contends that TDCJ improperly calculated his sentence after his parole was revoked most recently on January 5, 2017, to exclude time that he spent in custody on parole revocation warrants between July 14, 2009, to January 8, 2010, and from June 30,

---

[1]     *See* Texas Department of Criminal Justice, Offender Information, available at: http://www.tdcj.texas.gov (last visited July 11, 2018).

[2]     *See id.*

2

2011, to December 28, 2011.[3] Guzman also challenges an adverse parole decision that was entered against him in March 2018.[4]

## II. DISCUSSION

To the extent that Guzman challenges the duration of his confinement pursuant to a state court judgment of conviction, his petition is governed by 28 U.S.C. § 2254. *See Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 169 (5th Cir. 1994); *see also Kennedy v. State of Texas Pardons and Paroles*, 136 F. App'x 712 (5th Cir. June 29, 2005) (challenges requesting immediate or speedier release are properly presented in habeas).

As a prerequisite to review a federal habeas petitioner must first exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed to have exhausted

---

[3] Petition [Doc. # 1], at 5, 6.

[4] *Id.* at 6.

the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C).

In Texas, a prisoner may exhaust remedies by taking the following paths: (1) the petitioner may file a direct appeal from the challenged conviction or adverse decision, followed by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). In addition, Texas inmates who dispute the amount of time they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ of habeas corpus under Article 11.07. *See* TEX. GOV'T CODE § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *see also Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (observing that Texas law requires prisoners with a

time-credit dispute to seek administrative review "and wait until they receive a written decision or until 180 days elapse before filing a state habeas application").

Guzman has provided a copy of the final decision issued by the TDCJ Time Credit Dispute Resolution Tribunal, which rejected his challenge to the calculation of his sentence on May 8, 2018.[5] Guzman does not allege that he has attempted to present any of his proposed claims on state habeas corpus review. Public records available from the Texas Court of Criminal Appeals confirm that, although Guzman has filed many state habeas corpus applications, none have been received in 2018. Thus, Guzman has not yet presented any of his proposed claims to the state's highest court of criminal jurisdiction. Because state process remains available, Guzman's petition is not yet exhausted and he does not satisfy any statutory exception to the exhaustion doctrine. Therefore, the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28

---

[5] Final Certification Decision [Doc. # 2], at 6-7.

U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate (1) "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; or (2) where denial of relief is based on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and would also "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not debate whether the petition is unexhausted and therefore premature because the state courts have not been given any opportunity to address the petitioner's claims through process that is available. Therefore, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The application for leave to proceed *in forma pauperis* filed by Petitioner James Edward Guzman [Doc. # 3] is **GRANTED**.

2. The habeas corpus petition filed by Guzman is **DISMISSED** without prejudice for lack of exhaustion.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, on <u>July 12</u>, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE